**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

E.R., *et al.*,

      Plaintiffs,

        v.

DISTRICT OF COLUMBIA,

      Defendant.

Civil Action No. 25-3196 (JEB)

**MEMORANDUM OPINION AND ORDER**

Plaintiffs L.V.R. and E.R. have sued the District of Columbia in their own right and on behalf of their minor child, Plaintiff E, pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*., and District of Columbia law. See ECF No. 1 (Compl.), ¶ 1. They now move to proceed pseudonymously. See ECF No. 2 (Mot.). Although federal and local rules require parties to redact a minor child's name from all filings, see Fed. R. Civ. P. 5.2; LCvR 5.4(f)(2), L.V.R. and E.R. contend that since they are suing on their child's behalf, disclosing their identities would make it "very easy" to uncover the identify of their daughter. See Mot. at 2.

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.  Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "presumption in favor of disclosure [of litigants'

1

identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

> [3] the ages of the persons whose privacy interests are sought to be protected;

> [4] whether the action is against a governmental or private party; and relatedly,

> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

While their motion is sparse, L.V.R. and E.R. have met their burden at this early stage to demonstrate that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning their identities.

First, L.V.R. and E.R. seek to proceed under pseudonyms not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of

[a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). The Complaint details E's special-education needs, the results of psychological and educational evaluations, and other information relating to her education and mental health. See, e.g., Compl., ¶¶ 7–8, 11–14; 27–30; see also Mot. at 1. These portions of the Complaint reveal "paradigmatically 'sensitive' and 'highly personal'" details about E's disability. Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) (observing that "forcing disabled individuals to disclose deeply personal medical information could deter litigants from filing claims to vindicate their rights"). "Through the disclosure of Plaintiffs' full names and address, the public could easily uncover" such "personally identifiable information" about their child — "information that is statutorily protected under the IDEA, the Family Educational Rights and Privacy Act ('FERPA'), and local regulations." J.W. v. Dist. of Columbia, 318 F.R.D. 196, 200 (D.D.C. 2016); see generally 20 U.S.C. § 1417(c) (IDEA); 20 U.S.C. § 1232g(b)(1) (FERPA); D.C. Mun. Regs. tit. 5-E, § 2603 (District regulations). "Indeed, while Federal Rule of Civil Procedure 5.2(a) acknowledges the privacy interests of minor children by allowing parties to reference minors only by their initials," in a case like this, that Rule's "protection would be 'eviscerated unless the parent was also permitted to proceed using initials.'" J.W., 318 F.R.D. at 199 (quoting C.B. v. Pittsford Cent. Sch. Dist., 2009 WL 2991564, at *4 (W.D.N.Y. Sept. 15, 2009)). The first factor thus weighs in favor of pseudonymity.

As to the second factor, L.V.R. and E.R. have not properly alleged that disclosure of their identities "poses a risk of retaliatory physical or mental harm" to them or "to innocent non-parties." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97). Plaintiffs claim that if their daughter's identity were discovered, it "could cause risk to her

mental health." Mot. at 2. They fail to substantiate this claim, however, and instead offer only that disclosure of E's educational and psychological profile would "cause embarrassment and mental harm." Id. As "[m]ere 'embarrassment and harassment' is 'insufficient to demonstrate' the sort of 'retaliatory harm' necessary to satisfy this showing," this factor does not support proceeding under pseudonyms. J.W., 318 F.R.D. at 200 (quoting Yacovelli v. Moeser, 2004 WL 1144183, at *7 (M.D.N.C. May 20, 2004)).

On the other hand, the third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — tilts in the opposite direction. Although L.V.R. and E.R. are both adults, they "share common privacy interests" with their minor child, J.W., 318 F.R.D. at 201, where "if the parents were to be identified it would be very easy to then learn the ident[ity]" of the child. Mot. at 3.

The fourth factor tips the scale further in favor of pseudonymity. Plaintiffs have brought suit against the District of Columbia, and anonymous litigation is typically "more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W., 318 F.R.D. at 201 (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations" from governmental actors). This factor additionally takes into account whether Plaintiffs are requesting individualized relief. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant[,] . . . the fourth factor favors pseudonymity."); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where

4

"[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request").  As this suit is against the Government and L.V.R. and E.R. seek to vindicate only their child's individual right to educational assistance under IDEA, see Compl., ¶ 1, this factor supports proceeding pseudonymously.

The fifth and final factor also favors granting Plaintiffs' Motion.  The District would suffer no unfairness if the Motion were granted because L.V.R. and E.R. have already disclosed their identities under seal.  See ECF No. 2-2 (Unredacted Complaint) at 1. This factor is "not implicated" in instances where the defendant knows the plaintiff's identity.  See In re Sealed Case, 971 F.3d at 326 n.1.  Defendant, of course, remains free to request any further information it deems necessary to the full and fair defense of the case, and Plaintiffs remain free to object.

In sum, although the second factor tips toward disclosure, the remaining four outweigh it because they highlight Plaintiffs L.V.R. and E.R.'s "legitimate interest in anonymity" at this early stage, In re Sealed Case, 931 F.3d at 96, given their child E's age and disabilities.

The Court accordingly ORDERS that:

1. Plaintiffs L.V.R. and E.R.'s [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms, L.V.R., E.R., and E, in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file the [2] Motion on the public docket without the [2-2] Unredacted Complaint.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  September 25, 2025